**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,                    Case No. 09-11556

                        Plaintiff,                    HON. MARIANNE O. BATTANI

v.

THIRTY-FIVE THOUSAND FIVE HUNDRED
DOLLARS IN UNITED STATES CURRENCY
($35,500.00) FROM BANK OF AMERICA
ACCOUNT NUMBER 9506826724

                        Defendant.

_____/

## <u>ORDER DENYING CLAIMANTS' MOTION FOR CHANGE OF VENUE</u>

**I.      INTRODUCTION**

On July 20, 2009, claimants Ifeanyi Okoro and Amiri Mbubu Auto Sales LLC

("Claimants") filed a motion asking this Court to transfer the above-captioned case from

the United States District Court for the Eastern District of Michigan to the United States

District Court for the District of New Jersey.  The United States of America filed a

response in opposition to Claimants' motion to transfer venue.  The Court has reviewed

the pleadings and finds oral argument will not aid in the resolution of this motion.  <u>See</u>

E. D. Mich. LR 7.1(e)(2).  For the reasons that follow, the Court denies Claimants'

Motion for Change of Venue.

**II.     BACKGROUND**

This is a civil action *in rem* brought pursuant to 31 U.S.C. § 5317(c)(2).  The

Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this

action is being commenced by the United States of America as Plaintiff.

Specifically, on April 27, 2009, the Government filed its complaint for Forfeiture In Rem. It alleges that from September 26, 2007 through December 6, 2007, Alfred Winjobi, a New Jersey resident, purchased 37 money orders from 10 different post offices in the Detroit area in denominations of $1,000 or less to avoid currency reporting requirements in violation of 31 U.S.C. §5325 (structured purchases of money orders amounting to $3,000 or more in a given day). These money orders were payable to Amiri Mbubu Auto Sales LLC ("Mbubu") and were deposited in Mbubu's New Jersey Bank of America account numbered 9506826724 on December 14, 2007. Ifeanyi Okoro is President of Mbubu and a resident of New Jersey. Mbubu is located at 33 E. Commerce Street, Bridgeton, NJ 08302.

In December of 2007, agents of the United States Postal Inspection Service (USPIS) initiated an investigation into the alleged structuring violations committed. In October of 2008, the funds representing the deposited money ($35,500) were seized from Bank of America by the Postal Inspection Service. The search warrant was executed at Bank of America, 5701 Horatio, Utica, NY, 13502. The Government alleges that after the money was seized Okoro called the postal inspector, was given and waived Miranda rights, and stated that he did not know anyone in Detroit. He then stated that he was a car dealer, owned Mbubu and had sold a car in Detroit; however, Okoro was unable to identify who purchased the car. The call ended shortly thereafter. A few minutes later, Okoro called the postal inspector back and stated that Winjobi bought a car from him and worked for him. Okoro did not state why Winjobi purchased so many postal orders in Detroit. During this conversation, Okoro reiterated that he did

not know anyone in the Detroit area.  Okoro has subsequently denied that Winjobi was his business associate.

## III.    STANDARD OF REVIEW

A forfeiture action may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred.  28 U.S.C. § 1355(b)(1)(a). Venue is proper in : "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(1)-(2).

Under 28 U.S.C. §1404(a), federal district court may transfer a civil action to "any other district or division where it might have been brought." Thomas v. Home Depot, U.S.A., 131 F. Supp. 2d 934, 937 (quoting United States v. P.J. Dick Inc., 79 F. Supp.2d 803, 805-06 (E. D. Mich. 2001) (quoting § 1404(a)).  In assessing the merits of a request for transfer, courts grant substantial deference to a plaintiff's chosen forum.  Id. at 937.

The party seeking a transfer of venue bears the burden of demonstrating by a preponderance of the evidence that fairness and practicality strongly favor a transfer of venue to a different forum. Home Depot, 131 F.Supp.2d 934, 936 (E. D. Mich. 2001). Factors to be considered include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case

3

most expeditiously and inexpensively; and (7) the interests of justice.  Grand
Kensington, L.L.C. v. Burger King Corp., 81 F. Supp.2d 834, 836 (E. D. Mich. 2000).

## IV.   ANALYSIS

"The first question for a court when considering a motion under § 1404(a) is
whether 'the transferred action could have been brought in the transferee court.'"  Grand
Kensington, 81 F. Supp. 2d at 836 (quotations omitted).  There is no dispute that
Plaintiff could have brought this action in the United States District Court for the District
of New Jersey.  The property was located in this district, and Claimants reside in New
Jersey.  Therefore, the case could be transferred to the District of New Jersey under §
1404(a).  Accordingly, the Court directs its attention to the balance of interests.

*Convenience of Parties*

Claimants argue that a number of factors weigh in favor of transferring the case
to New Jersey.  First, Claimants argue that the convenience of the parties favors
transferring this case to New Jersey where they are residents.  Claimants' Affidavit in
Support of their Motion for Change of Venue states that neither " [Mbubu] or I can
financially travel back and forth to Michigan to litigate this matter . . . I do not . . . know
where the Court is located. . . .  At this point my business is barely surviving because
the money that I depend on for my business has been seized by the Post Master."  See
Doc. No. 9, Affidavit at ¶ 14.

Although courts may consider "the relative financial strength of the parties,"
Home Depot, 131 F. Supp.2d at 937 (citation omitted), in this case, even if Claimants
may be in a weakened financial position relative to their pre-forfeiture days, they do not
produce sufficient documentation for the Court to find that traveling to Michigan would

4

pose a significant hardship.  Therefore, the Court does not place great weight on this

consideration. <u>See</u> <u>Home Depot</u>, 131 F. Supp.2d at 937.

        In addition, the Court finds Claimants' argument that they do not know the court's

location unavailing. The location of the courthouse is public information, easily

accessible through a variety of sources.

        Accordingly, the parties' inconvenience does not weigh strongly in favor of, or

against, Claimants' motion. Any inconvenience that Claimants may experience is

insufficient to overcome the presumption in favor of Plaintiff's choice of venue.

<i>Witnesses' Convenience</i>

        Courts assess "witnesses' convenience [a]s one of the most important factors in

determining whether to grant a motion to change venue under § 1404(a)."  <u>Home Depot</u>,

131 F. Supp. 2d at 937 (citation omitted).  According to Claimants, this factor tips the

balance in their favor because their "[p]otential key witnesses . . . all reside in New

Jersey." <u>See</u> Doc. No. 9, Affidavit at ¶ 15.  Consequently, it will be burdensome for their

witnesses to attend proceedings in Michigan.  Claimants have not satisfied their burden

inasmuch as they offer no information regarding the identity of witnesses that they plan

to call.  Nor do Claimants provide an outline of the material information their "potential

key witnesses" may provide.  This omission undermines their position because "[o]nly

when the Court is armed with such information can it properly assess the convenience

of the witnesses." <u>Home Depot</u>, 131 F. Supp.2d at 937 (citation omitted).

        In contrast, Plaintiff has identified its key witness and another postal clerk witness

and provided the general substance of their testimony.  Plaintiff's key witness is Postal

Inspector Christopher Ray, who investigated the case in this district, and is assigned to

5

the USPIS in this district.  Plaintiff indicates that Ray and the postal clerk who witnessed some of the alleged structured purchases would be inconvenienced if called to testify in New Jersey.

The Court concludes that Claimants have not demonstrated that transfer is necessary for the convenience of witnesses.  Accordingly, it turns to the final consideration.

*Practical Issues and the Interests of Justice*

In Home Depot, the party moving for transfer of venue argued that the transportation costs for his lawyer would be prohibitive and that this factor is relevant when it bears on litigation costs.  However, "[i]nconvenience to a lawyer, by itself, is irrelevant to this analysis." Home Depot, 131 F.Supp.2d at 941 (citation omitted). "There is, however, authority for the proposition that, where the inconvenience to counsel bears directly on litigation costs, a court may consider that matter." Id. (citing Blumenthal v. Management Assistance, Inc., 480 F.Supp. 470, 474 (N.D. Ill. 1979).

Although Claimants retained counsel in New Jersey, they maintain that they are disadvantaged by the lack of knowledge of Michigan attorneys and because of financial resources.  Even if Claimants are unaware of local attorneys, obtaining local counsel is not difficult and usually is an adequate remedy to the expenses of travel.  Moreover, just as in Home Depot, Claimants provides no more than a conclusory allegation that transportation costs for counsel would be prohibitive were the case to proceed in Michigan.  Therefore, just as in Home Depot, the Court rejects this as a basis for transfer.

6

Claimants' remaining arguments center on their assertion that the Government will not be too inconvenienced by litigating this matter in the District Court of New Jersey.  The Government certainly has greater resources than Claimants; however, Claimants do not meet their burden of demonstrating by a preponderance of the evidence that fairness and practicality strongly favor a transfer of venue to a different forum.

Specifically, the Government has an interest in trying this case where the acts giving rise to forfeiture occurred and where its witnesses are located.  Although Claimants reside in New Jersey, obviously causing them some inconvenience in trying this case in Michigan, the balance of interests does not strongly weigh in their favor. In sum, they have not overcome the presumption afforded in favor of Plaintiff's choice of forum**.**

## V.    CONCLUSION

Accordingly, Claimants Ifeanyi Okoro and Amiri Mbubu Auto Sales LLC's Motion for Change of Venue is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: December 11, 2009

7

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Claimants and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager
